**The STATE ex rel. GAMPFER,**

**v.**

**WILKINSON, Dir., et al.**

[Cite as *State ex rel. Gampfer v. Wilkinson* (1992), 80 Ohio App.3d 771.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–809.

Decided March 17, 1992.

*Randall M. Dana*, Ohio Public Defender, and *Thomas R. Wetterer, Jr.*, Assistant Public Defender, for relator.

*Lee Fisher*, Attorney General, and *Gerald E. Dailey*, Assistant Attorney General, for respondents.

JOHN C. YOUNG, Presiding Judge.

Relator, Michael Gampfer, filed this original action requesting that this court issue a writ of mandamus ordering respondents, Reginald A. Wilkinson, Director of the Ohio Department of Rehabilitation and Correction, and the Ohio Adult Parole Authority ("OAPA"), to recognize that relator is eligible for shock parole consideration pursuant to R.C. 2967.31.

This matter was assigned to a referee pursuant to Civ.R. 53 and Section 13, Loc.R. 11 of the Tenth District Court of Appeals. The referee filed a report and recommended that this court grant respondents' motion for summary judgment on the basis that respondents did not have a clear legal duty under R.C. 2967.31(B), and deny relator's motion for summary judgment, since he did not demonstrate that he had a clear legal right to shock parole.

Upon review, R.C. 2967.31(B) provides:

"The prisoner has not previously been convicted of any felony for which, pursuant to sentence, he was confined for thirty days or more in a penal or reformatory institution in this state or in a similar institution in any other state or the United States."

The Committee Comment to this section states, in pertinent part:

" * * * It should be noted that the 30–day limitation in the section makes persons who have previously been granted shock probation under 2947.061 ineligible for shock parole under this section."

Relator is currently incarcerated at the Chillicothe Correctional Institution ("CCI") and is serving a three-year consecutive sentence after being convicted of two counts of forgery, which is a fourth degree felony. He has never been convicted of any other felonies. After his initial incarceration, relator was granted shock probation and was released. However, after he violated the terms of his probation, probation was revoked and he was incarcerated again and is now serving out the time on his original sentence. Relator contends

that he meets the conditions as set forth in R.C. 2967.31 and that he should be considered for shock parole.

Under the literal interpretation of R.C. 2967.31, relator is eligible to be considered for shock parole, since he has not been convicted of a previous felony for which he has served more than thirty days' incarcerated time. Although the relevant portion of the Committee Comment, as previously quoted, is ambiguous as applied to these facts, the relevant statutory language of R.C. 2967.31(B) is straightforward. The statutory language of R.C. 2967.31(B) requires that the prisoner be convicted of a previous felony and have served more than thirty days on that conviction and be incarcerated for a second time on a subsequent felony conviction before the prisoner can be excluded from consideration for shock parole pursuant to R.C. 2967.31. Thus, the language of R.C. 2967.31, as written, pertains to previously convicted felons and not parole violators who violate the terms of parole after being released for serving time on their first felony offense.

Accordingly, this court adopts the factual findings of the referee but sustains relator's objections to the referee's report and recommendation. This court denies respondents' motion for summary judgment and grants relator's motion for summary judgment on the basis that the facts demonstrate that relator has a clear legal right to be considered for shock parole pursuant to R.C. 2967.31.

*Respondents' motion for summary judgment denied; relator's motion for summary judgment granted.*

McCormac and Peggy Bryant, JJ., concur.